UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENNIS ROSSITER )
    Plaintiff )
     )
v. ) C.A. No. 04 CR 10069DPW
     )
INTERNATIONAL BUSINESS )
MACHINES CORPORATION )
    Defendant )
     )

## ANSWER

Defendant International Business Machines Corporation ("IBM") answers the complaint of the plaintiff, Dennis Rossiter, by corresponding paragraph number, as follows:

### Preliminary Statement

The "Preliminary Statement" contains a description of the action and legal conclusions to which no response is required.

### Parties to the Action

1.    IBM is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 1. IBM denies the allegations in the second sentence of paragraph 1, except that it admits only that Rossiter was an employee in Massachusetts of IBM from on or about January 1995 to January 2002; further answering, IBM states that the term "at all relevant times" is ambiguous.

2.    IBM admits the allegations contained in the first sentence of paragraph 2. IBM denies the allegations contained in the second sentence of paragraph 2, except that it

admits only that it employed Rossiter and that his work location was in Waltham, Massachusetts (Middlesex County); further answering, IBM states that the term "at all relevant times" is ambiguous.

### Count I – M.G.L. 151B Claim

3. IBM is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4. IBM denies the allegations contained in paragraph 4, except that it admits only that Rossiter became an employee in a marketing department in IBM's Microelectronics Division in 1995; further answering, IBM states that the term "marketing group" is ambiguous.

5. The term "marketing group" is ambiguous and therefore IBM is unable to affirm or deny.

6. IBM denies the allegations contained in paragraph 6, further stating that the plaintiff's performance evaluations speak for themselves.

7. IBM denies the allegations contained in paragraph 7, except that it admits only that Rossiter was laid off effective January 3, 2002.

8. IBM denies the allegations contained in paragraph 8.

9. IBM denies the allegations contained in paragraph 9.

10. IBM denies the allegations contained in paragraph 10, except that it admits only that certain functions previously performed by the plaintiff were reassigned to other employees and that these other employees may have been younger that the plaintiff.

11. IBM denies the allegations contained in paragraph 11.

12. IBM denies the allegations contained in paragraph 12.

13. IBM is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 since these allegations are ambiguous and do not refer to any particular positions; further answering, IBM states that the terms "well qualified" and "less experienced" are also ambiguous; to the extent that Rossiter implies he was rejected for positions because of his age, denied.

14. IBM is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 since these allegations are ambiguous and do not refer to any particular positions; to the extent that Rossiter implies that all positions needed to be posted, denied.

15. IBM denies the allegations contained in paragraph 15; further answering, IBM's policies on internal job postings speak for themselves.

16. IBM is unable to admit or deny the allegations contained in paragraph 16 since the numerical references are ambiguous; to the extent that plaintiff's statistics are based on the "Microelectronics Resource Action (MERA), Notice to Employees, Age and Title Information (OWBPA) Report," and to the headings therein of "Microelectronics Division Marketing," the document speaks for itself.

17. IBM denies the allegations contained in paragraph 17.

18. IBM denies the allegations contained in paragraph 18.

### Count II – ADEA Claim

19. IBM repeats and incorporates its responses to the allegations contained in paragraphs 1 through 18 above.

20. IBM denies the allegations contained in paragraph 20.

## Prayer for Relief

The remaining section of plaintiff's complaint concerns his prayer for relief, to which no response is required; to the extent any response is appropriate, IBM denies that plaintiff is entitled to any of the relief requested.

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, wholly or in part, by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, wholly or in part, by plaintiff's failure to pursue his administrative remedies within the Massachusetts Commission Against Discrimination and/or the Equal Employment Opportunity Commission in a timely manner.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

The defendant cannot be liable for punitive, liquidated or multiple damages because it has undertaken good faith efforts to comply with the anti-discrimination laws.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory, punitive and/or exemplary damages under the ADEA are barred because these damages are not awardable under the ADEA.

EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and/or exemplary damages under Mass. Gen. L. c. 151B are barred because these damages are not awardable under chapter 151B.

NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer and add additional affirmative defenses as discovery and investigation may warrant.

WHEREFORE, IBM asks this Court to dismiss this action in its entirety and enter judgment, with costs and fees, for IBM, together with such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

**INTERNATIONAL BUSINESS MACHINES CORPORATION**

By its attorneys,

_____
Daniel S. Tarlow, BBO #552920
Laurie F. Rubin, BBO #564947
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Dated: March 18, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail on 3/18/04

5

Prince, Lobel, Glovsky & Tye LLP
Attorneys at Law

585 Commercial Street
Boston, MA 02109-1024

(617) 456 8000 Tel
(617) 456 8100 Fax
www.plgt.com

**BY HAND**

March 18, 2004

Clerk
United States District Court
One Courthouse Way
Boston, MA 02210

Re:    Dennis Rossiter v. International Business Machines Corporation
       C.A. No. 04 CR 10069DPW

Dear Sir/Madam:

Enclosed please find the following for filing in the above referenced matter: the Answer of the Defendant, International Business Machines Corporation.

Thank you very much.

Very truly yours,

Laurie F. Rubin

Enclosure

cc:    Kevin G. Powers, Esq.
       Terence J. Corrigan, Esq.



PRINCE ▪ LOBEL ▪ GLOVSKY & TYE LLP