UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS ROSSITER<br>    Plaintiff<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION<br>    Defendant | )<br>)<br>)<br>)   C.A. No. 04 CR 10069DPW<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S MOTION TO COMPEL

Defendant International Business Machines Corporation ("IBM") hereby moves this court for an order compelling plaintiff to 1) produce documents concerning a prior age discrimination case he brought against a previous employer, Digital Equipment Corporation ("DEC"); and 2) authorize the release of his medical records from the Dartmouth Hitchcock Clinic in Keene, New Hampshire. As grounds for this motion, IBM states that :

a) The records regarding his prior case against DEC are, inter alia, relevant to plaintiff's damages claim; the records are within his control; and he did not object to the document request seeking their production. Yet inexplicably plaintiff has failed and refused to produce the documents.

b) The plaintiff's medical records are relevant to plaintiff's damages claim; he did not object to the document request seeking their production (nor to interrogatories seeking medical history information); and he did not move for a protective order with respect to the subpoena to Dartmouth Hitchcock Clinic. Yet plaintiff has instructed the Clinic to withhold production, and the Clinic has refused to release the documents due to plaintiff's instruction.

As further grounds for this motion, IBM refers the court to the memorandum in support of this motion filed simultaneously herewith.

Respectfully submitted,

**INTERNATIONAL BUSINESS
MACHINES CORPORATION**

By its attorneys,

_____
Daniel S. Tarlow, BBO #552920
Laurie F. Rubin, BBO #564947
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Dated: 2/18/05

## COMPLIANCE WITH LOCAL RULE 37.1

I, Daniel S. Tarlow, hereby certify that I complied with Local Rule 37.1 in the following manner:

1. On January 27, 2005, and February 1, 2005 I sent e-mails to plaintiff's counsel, Kevin Powers, describing the discovery issues presented by this motion and asking him to respond to the issues. See Affidavit of Daniel S. Tarlow at paragraph. 2-4, attached to Defendant's Memorandum in Support of Motion to Compel.

2. On February 8, 2005, I sent a letter to Mr. Powers stating that I was following up on the January 27 and February 1, 2005 e-mails and that I wanted to know when I could expect to hear back from him, and that if I did not hear back from him shortly, I would have to pursue a motion to compel. Id at paragraph. 5.

3. On February 9, 2005, I sent another e-mail to Mr. Powers stating that, "If it was not clear from my earlier correspondence, I am requesting a discovery dispute conference pursuant to Local Rule 37.1." Id. at paragraph. 6.

4. Despite these many efforts to engage plaintiff's counsel in a discovery dispute conference, plaintiff's counsel has not responded in any fashion.

5. The seven day period set forth in Local 37.1 (A) has passed without any response from plaintiff's counsel.

_____
Daniel S. Tarlow

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 2/18/05 .

3