UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Dennis Rossiter,<br>              Plaintiff<br><br>v.<br><br>International Business Machines Corporation,<br>              Defendant | C.A. No. 04-CR-10069-DPW |

**PLAINTIFF DENNIS ROSSITER'S OPPOSITION
TO DEFENDANT INTERNATIONAL BUSINESS MACHINES
CORPPORATION'S MOTION TO COMPEL**

Plaintiff Dennis Rossiter (hereinafter referred to as "Plaintiff" or "Rossiter") hereby opposes Defendant International Business Machines Corporation's (hereinafter referred to as "Defendant" or "IBM") Motion to Compel. The 1994 MCAD charge that Plaintiff filed against his former employer, Digital Equipment Corporation, is both irrelevant and immaterial to this action. Further, IBM's request for Plaintiff's medical documents is untimely; the records are privileged; and the records are not relevant to Plaintiff's claim for "garden variety" emotional distress. New Hampshire, where Plaintiff resides, has a statutory physician-patient privilege, which protects medical records against disclosure.

**I.**  **Rossiter's 1994 MCAD Charge Is Both Irrelevant and Immaterial**

During his deposition in December 2004, Plaintiff testified that he filed a complaint with the MCAD in 1994 against his former employer, Digital

Equipment Corporation ("DEC") for age discrimination, and the complaint was later voluntarily withdrawn. Rossiter Dep., Vol. II, at 109, Exhibit 1. IBM's counsel asked Plaintiff twice if he had a copy of documents concerning the 1994 MCAD charge, and Plaintiff twice responded that he did not know whether he had any records about that case in his home – it had been a number of years ago. Id. at 110, 124-125. In the Fall of 2004, Plaintiff had provided the Defendant with the docket number of his MCAD case against DEC, in his answers to interrogatories, but he had been unable to locate any case-related documents for production. Evans Affidavit, ¶¶ 2-3, 5, Exhibit 2.

Rossiter again looked for the 1994 MCAD documents in his home, subsequent to his deposition, and he, again, did not locate any responsive documents. Evans Aff., ¶ 5, Exhibit 2. Rossiter was able to provide IBM with the docket number of the case, in his answers to interrogatories, because he had entered the docket number into his personal electronic organizer. Id. at ¶ 4. When Plaintiff searched for the documents after his deposition and could not find them, he knew with certainty that he had previously thrown out the 1994 MCAD documents. Id. The batteries on Plaintiff's personal organizer ran down after he provided the docket number to IBM, and he lost all data on the organizer, including the MCAD docket number. Id.

IBM's counsel stated on the record, at Plaintiff's deposition, that he had received a printout from the MCAD, which indicated that Rossiter's 1994 charge against DEC was conciliated and closed in 1999. Rossiter Dep., Vol. II, at 123,

Exhibit 1. To the extent that the MCAD has documents pertaining to any given case, the documents are equally available to a defendant and to a plaintiff. Rossiter's counsel routinely makes requests to Jeffrey Turner, Administrator of Public Records, at the MCAD, about cases that have been filed against a particular defendant. Evans Aff., ¶ 6, Exhibit 2. Sometimes Mr. Turner has provided only a printout listing the cases against a defendant, and on other occasions, files of closed cases have been made available for counsel to review and copy at the MCAD. Id. at ¶ 6.

IBM has indicated that its law firm represented DEC in Plaintiff's 1994 MCAD action and that the lawyer on the case, David Casey, moved to another law firm in 1999, taking the case and the file with him. IBM Mem., at 9 & n.3. In the absence of MCAD-provided documents, IBM could have subpoenaed documents from the attorney who represented DEC, whose identity and location are known to the Defendant. The Defendant did not elect to take this reasonable course of action.

### The MCAD Documents Are Not Relevant

More importantly, Defendant's premise in seeking the 1994 MCAD documents is erroneous, and the documents are both irrelevant and immaterial to this action. IBM argues that "the records from the DEC case might show that plaintiff has taken inconsistent positions in the two cases about the source of his alleged injuries." IBM Mem., at 8. Specifically, Defendant contends that "[i]f indeed plaintiff did claim emotional distress damages against DEC for some of the

3

same period for which he claims such damages against IBM, it would tend to show that there was a source of distress in his life other than IBM's alleged conduct." Id.

Whether or not Rossiter had "a source of distress in his life other than IBM's alleged conduct" is not relevant. Cases in both the First Circuit and Massachusetts state courts have clearly held that (1) claiming mental distress as part of general damages in a discrimination lawsuit does not place a plaintiff's mental condition at issue, and (2) causes of stress, other than the discrimination at issue in the case, are irrelevant. In Sabree v. United Bhd. of Carpenters & Joiners of Am., Local No. 33, 126 F.R.D. 422, 426 (D. Mass. 1989), the union argued that it required the plaintiff's psychotherapy records to show that plaintiff's distress was attributable to causes other than the union's discrimination. In denying the motion to compel, the court found that a "garden variety" claim of emotional distress does not place a plaintiff's mental condition at issue, and records evidencing other sources of stress are "perspicuously irrelevant to the instant lawsuit." Sabree v. United Bhd. of Carpenters & Joiners, 126 F.R.D. at 426.

The Massachusetts Appeals Court has similarly held that other possible causes for the plaintiff's distress are irrelevant since the question is whether the victim suffered any distress, even additional distress, as a result of the discrimination at issue. Franklin Pub. Co. v. Massachusetts Comm'n Against Discrimination, 25 Mass. App. Ct. 974, 975 (1988). The Franklin court reversed the trial court's disallowance of emotional distress damages based on the trial

court's finding that the pregnancy discrimination victim was already worried about the well-being of the fetus, and reinstated the original emotional distress award of $10,000 for additional stress. <u>Franklin Pub. Co. v. Massachusetts Comm'n Against Discrimination</u>, 25 Mass. App. Ct. at 975.

Not only is the issue of whether Plaintiff claimed emotional distress damages in his 1994 complaint against DEC irrelevant to his claim that IBM's discrimination caused him emotional distress, but Rossiter has testified that once he obtained a job with IBM in 1995, "I put the Digital thing behind me." <u>Rossiter Dep., Vol. II</u>, at 123, 125, <u>Exhibit 1</u>. Thus, while Plaintiff's 1994 charge against DEC may have disappeared into a dark hole at the MCAD until 1999, Plaintiff moved on with his life at IBM in 1995.

## **MCAD Documents Are Not Material to This Action**

Documents concerning Rossiter's 1994 MCAD charge against DEC are immaterial to this action. The fact that Rossiter brought and settled an age discrimination case against DEC is not probative on the issue of whether IBM discriminated against Rossiter, based on his age, when it demoted him in 1997 and/or terminated his employment in January 2002. Plaintiff's prior age discrimination complaint against DEC cannot make it any more or any less likely that his claim against IBM is provable or not.

## II. The Request for Medical Records Is Untimely and Irrelevant – Rossiter Will Nonetheless Conditionally Provide a HIPAA Release

The Defendant did not subpoena Plaintiff's medical records until December 23, 2004 – two days before the Christmas holiday, nine days before the New Year's holiday, and twelve days before discovery ended on January 4, 2005. IBM Mem., at 6; Scheduling Order, Exhibit 3. In New Hampshire, where Plaintiff resides, medical records are protected by statute. New Hampshire law provides:

> The confidential relations and communications between a physician or surgeon…and his patient are placed on the same basis as those provided by law between attorney and client, and, except as otherwise provided by law, no such physician or surgeon shall be required to disclose such privileged communications."

N.H. Rev. Stat. Ann. § 329:26 (1994).

The Defendant requested the records from a misnamed entity. IBM Mem., at 7 & n.2. Plaintiff's caregiver(s) informed Plaintiff when IBM subpoenaed his privileged medical records, and Plaintiff declined to instruct the Dartmouth-Hitchcock Clinic to release his medical records. The burden was on the Defendant to file a motion seeking the medical records, within the discovery period; that is before January 4, 2005, which the Defendant failed to do. Instead, Defendant's counsel e-mailed Plaintiff's counsel on January 27, 2005, three weeks after the discovery deadline had passed, to state that IBM had not yet obtained Plaintiff's medical records. Tarlow Aff., Exhibit 3(A). IBM's motion to compel, which was filed 45 days after the end of the discovery period is untimely, and the motion should be denied.

6

Further, Rossiter's medical records are irrelevant for the same reason that the 1994 MCAD charge against DEC is irrelevant. Plaintiff has not pled any claim of "mental damage," "psychic damage," or "impairment of mental health," which could operate as a waiver of his privileged medical records. Complaint, ¶¶ 18, 20, prayer at b, Exhibit 4; Sorenson v. H & R Block, Inc., 197 F.R.D. 199, 204 (D. Mass. 2000). Emotional distress is not a *prima facie* element of either of Plaintiff's statutory claims for age discrimination; Plaintiff does not intend to call a physician or counselor as a witness; and Plaintiff has claimed "garden variety" "emotional distress," "emotional pain and suffering," and "emotional and physical pain and suffering." Evans Aff., ¶ 7, Exhibit 2; Complaint, ¶¶ 18, 20, prayer at b, Exhibit 4; Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 229 (D. Mass. 1997) (In a discrimination and retaliation case, "[t]he act of seeking damages for emotional distress is analogous to seeking attorney's fees."); Booker v. City of Boston, 1999 U.S. Dist. LEXIS 14402 (D. Mass. 1999) (production of plaintiff's psychological and medical records is precluded where there is no evidence plaintiff intends to make affirmative use of the privileged communications).

Plaintiff testified at his deposition that he suffers from a chronic dermatological condition, recalcitrant excema, which is exacerbated by stress, and that he sought treatment for flare-ups of the condition after his demotion in 1997 and subsequent to his termination in 2002. Rossiter Dep., Vol. II, at 119, 121-122, 129, Exhibit 1. Rossiter also testified that his physician prescribed a sedative to treat the flare-ups. Id at 122. Plaintiff's occasional excema flare-ups do not merit

the Defendant's intrusive invasion of Rossiter's medical records, which are statutorily privileged in New Hampshire.

IBM erroneously argues that Plaintiff's generic claim of emotional distress and his testimonial identification of his health care providers "has put his medical and emotional health directly in issue in this case." IBM Mem., at 10. While the fact that a privileged communication has occurred may be relevant, that fact does not necessarily put the content of the communication at issue. Vanderbilt v. Town of Chilmark, 174 F.R.D. at 229. If a defendant can compel the production of medical records on the facts of this case, then the medical records privilege is meaningless.

Notwithstanding the fact that IBM has no legal basis for nosing about in Rossiter's medical records, Rossiter will provide the Defendant with a signed HIPAA form for the release of his medical records by the Dartmouth-Hitchcock Clinic, on the condition that IBM agrees to provide Plaintiff, through his counsel, with a copy of each and every medical document, which is produced to the Defendant.

## CONCLUSION

IBM's motion to compel Plaintiff to produce documents from an 11-year-old MCAD case against DEC, which (1) are not in Rossiter's possession; (2) are available to the Defendant through a subpoena to DEC's counsel; (3) are not relevant to Rossiter's claim for emotional distress damages in this action; and (4) are not material to the provability of Rossiter's claims against IBM, should be

denied. IBM's motion to compel Plaintiff's medical records, which is untimely and irrelevant, seeks to invade Rossiter's privileged communications with his New Hampshire physicians. Even though IBM's request is without legal foundation, Rossiter will provide IBM with a signed medical release, on the condition that the Defendant agrees to provide Rossiter with a copy of all of the medical records it obtains.

Respectfully submitted,

Dennis Rossiter
By his Attorneys,

_/s/ Kevin Powers_
Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

OppMotCompel

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 3/1/05.

_Linda Evans_

9