UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS ROSSITER )<br>      Plaintiff )<br>)<br>v. )<br>)<br>INTERNATIONAL BUSINESS )<br>MACHINES CORPORATION )<br>      Defendant )<br>) | C.A. No. 04 CV 10069DPW |

**DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL**

Defendant International Business Machines Corporation ("IBM") hereby submits this short memorandum in reply to Plaintiff Dennis Rossiter's Opposition to Defendant International Business Machines Corporation's Motion to Compel. In his opposition, plaintiff misstates the law of damages in discrimination suits. In particular, plaintiff asserts that when a discrimination plaintiff seeks damages for emotional distress, defendants are not entitled to seek discovery concerning other possible sources of emotional distress. Based on this argument, plaintiff contends that the records concerning his prior discrimination suit against Digital Equipment Corporation ("DEC) are irrelevant, and hence he should not be compelled to obtain those records from the lawyer who represented him in his case against DEC. Plaintiff's argument is specious because it has never been the law that other sources of distress are irrelevant, the cases cited by plaintiff do not stand for this proposition, and in the recent case of <u>Stonehill College v. Massachusetts Commission Against Discrimination</u>, 441 Mass. 549, 575-76 (2004), the Supreme Judicial Court specifically held that other sources of distress are relevant to an award of emotional distress damages.

In <u>Stonehill,</u> the SJC stated as follows about the rules and limitations on awarding emotional distress damages to discrimination plaintiffs; emphasizing that plaintiffs cannot recover for emotional distress that is caused by other factors:

> Emotional distress damage awards, when made, should be fair and reasonable, and proportionate to the distress suffered. Each award should be case specific and should not be determined by formula or by precise reference points. While evidence in the form of some physical manifestation of the emotional distress, or evidence in the form of expert testimony, is not necessary to obtain an award, such evidence certainly would be beneficial. An award must rest on substantial evidence and its factual basis must be made clear on the record. Some factors that should be considered include: (1) the nature and character of the alleged harm; (2) the severity of the harm; (3) the length of time the complainant has suffered and reasonably expects to suffer; and (4) whether the complainant has attempted to mitigate the harm (e.g., by counseling or by taking medication). See <u>Restatement (Second) of Torts § 905 comment</u> and § 912 (1979). **In addition, complainants must show a sufficient causal connection between the respondent's unlawful act and the complainant's emotional distress**. See id. at § 917. **Emotional distress existing from circumstances other than the actions of the respondent, or from a condition existing prior to the unlawful act, is not compensable.** (emphasis added).
>
> In view of the foregoing principles, we conclude that a finding of discrimination, or retaliation, by <u>itself</u>, is no longer sufficient to permit an inference of, or a presumption of, emotional distress. This approach is espoused by the EEOC. <u>See</u> EEOC: Policy Guide on Compensatory and Punitive Damages Under 1991 Civil Rights Act (July 7, 1992), reprinted in Fair Empl. Prac. Man. (BNA) 405:7091-405:7102 (stating that "emotional harm will not be presumed simply because the complaining party is a victim of discrimination"). To be compensable, emotional distress must be proved.
>
> <u>Id</u>. at 575-576.

Accordingly, IBM is entitled to records concerning plaintiff's discrimination lawsuit against DEC to ascertain whether any of plaintiff's claimed emotional distress was attributable to DEC's alleged actions.

Moreover, the cases cited by the plaintiff do not support his contention that defendants are not entitled to discovery concerning other possible sources of emotional distress. In <u>Sabree v. United Brotherhood of Carpenters & Joiners of America, Local No. 33</u>, 126 FRD 422 (D. Mass. 1989), the issue before the court was one of weighing the patient-psychotherapist privilege against the defendant's need for the plaintiff's therapy records. The considerations relating to the patient-psychotherapist privilege clearly do not apply to the plaintiff's litigation records concerning his earlier discrimination claim against DEC.

In <u>Franklin Publishing v. Massachusetts Commission Against Discrimination,</u> 25 Mass App. Ct. 974, 975 (1988), the other case cited by the plaintiff, the Appeals Court held that "added distress" (i.e., in addition to plaintiff's pre-existing distress) caused by illegal discrimination is compensable (and that the testimony of a psychiatrist or psychologist was not necessary to prove emotional distress). Whether or not "added distress" is compensable is not dispositive of the issue presented here, and in fact, whether there is "added distress" can only be determined by allowing discovery of the causes of plaintiff's distress. In fact, the <u>Franklin</u> court further held that to uphold an award of emotional distress damages (in an appeal under M.G.L. c. 30A), the amount of the award had to have substantial support in the evidence. <u>Id</u>. In <u>Franklin</u>, the Appeals Court found there was such support based on the testimony of various witnesses. <u>Id</u>. Thus, <u>Franklin</u> directly supports the proposition that emotional distress damages must be proved both as to causation and quantum. In short, IBM is entitled to discovery concerning whether some or all of the plaintiff's claimed distress actually had another cause (in this instance, the actions of DEC).

Finally, IBM points out again a) that plaintiff has waived any objections he has to the production of the records of his case against DEC by not asserting those objections in his response to IBM's document request, and b) that his counsel specifically agreed to produce the records (and acknowledged their relevance) on the record during the plaintiff's deposition.  See Affidavit of Daniel S. Tarlow at paragraph 11, attached as Exhibit 3 to IBM's Memorandum in Support of Motion to Compel.

For all of these reasons and those set forth in IBM's initial memorandum, IBM's motion to compel should be allowed.

                              Respectfully submitted,

**INTERNATIONAL BUSINESS MACHINES CORPORATION**

By its attorneys,

 /s/   Daniel S. Tarlow
Daniel S. Tarlow, BBO #552920
Laurie F. Rubin, BBO #564947
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Dated:  3/3/05