UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS ROSSITER )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>INTERNATIONAL BUSINESS )<br>MACHINES CORPORATION )<br>      Defendant. )<br>) | C.A. No. 04 CR 10069DPW |

## DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION FOR SUMMARY JUDGMENT

Defendant International Business Machines Corporation ("IBM") hereby moves this court for summary judgment on plaintiff's complaint. Plaintiff asserts age discrimination claims against IBM challenging his lay-off in 2001, his failure to receive promotional opportunities from 1998-2000, and his demotion in 1997. Summary judgment should issue in IBM's favor because plaintiff's lay-off claim is based entirely on unsupported speculation and his earlier claims are time-barred.

Plaintiff Dennis Rossiter was hired into IBM's marketing group in 1995 at age 53. In late 2001, IBM engaged in a lay-off of 1,200 employees because of a significant downturn in business. IBM established a layoff selection process, based on a skill comparison within narrowly defined skill groups. Plaintiff's supervisor, Patricia McGloin, followed this process and recommended Mr. Rossiter's lay-off because his skills were assessed weakest in his skill group. The plaintiff's RIF claim should be dismissed. First, he cannot establish a prima facie case where four (4) of the five (5) members in his skill group were in the protected class and two

of the five were let go. There can be no inference of discrimination simply because plaintiff (at age 59) happened to be the oldest employee in the group, especially where skill group members at ages 54 and 49 were retained. Further, the lay-off statistics from the larger marketing group do not suggest anything about discrimination at all: the percentage of employees over 40 actually *increased* after the lay-off and the average age decreased by less than a half-year.

Moreover, even if plaintiff could establish a <u>prima facie</u> case, IBM has more than met its burden of offering a legitimate reason for plaintiff's inclusion in the RIF. Plaintiff cannot show that IBM's stated reason is pretextual: he is unable to challenge the selection process, he is unable to say who should have been laid-off instead of him, the lay-off statistics reveal nothing about discrimination, and he could not offer anything beyond rank speculation that either of the managers involved in his lay-off harbored discriminatory animus. Summary judgment should issue for IBM on plaintiff's RIF claim.

Plaintiff's failure to promote claim is flawed from its inception. Plaintiff contends the jobs at issue were not properly posted and that he should have had an opportunity to compete for them. However, the undisputed facts show that IBM adhered to its posting policy and practice. Indeed, two of the jobs were posted and plaintiff did not apply. Also, two of the jobs plaintiff is not sure he even wanted. Further, plaintiff does not have any evidence (and mostly does not even contend) that anyone intended to exclude him or older workers generally from the jobs that were not posted (or that older workers were in any way uniquely affected).

In any case, the promotion claims are untimely under the filing deadlines for the ADEA (300 days) and M.G.L. c 151B (6 months). The jobs at issue were filled between early 1998 and November 2000. Plaintiff filed his charge at the MCAD on March 11, 2002. Moreover, the

continuing violation theory cannot rescue these claims since failure to promote claims are recognized as discrete acts that are not subject to the continuing violation theory.

Plaintiff was demoted in April 1997. Plaintiff's demotion claim has been long time-barred. A demotion is also a discrete act, and therefore, cannot be rescued by reliance on a continuing violation theory.

In further support of this motion, IBM refers the court to the statement of undisputed facts and the memorandum of law filed simultaneously herewith.

WHEREFORE, IBM respectfully requests that summary judgment be granted in its favor.

>Respectfully Submitted,
>
>**INTERNATIONAL BUSINESS MACHINES CORPORATION**
>
>By its attorneys,
>
>  /s/  Daniel S. Tarlow
>Daniel S. Tarlow, BBO #552920
>Laurie F. Rubin, BBO #564947
>Prince, Lobel, Glovsky & Tye LLP
>585 Commercial Street
>Boston, MA 02109
>(617) 456-8000

Dated: _____