UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS ROSSITER )<br>     Plaintiff )<br>                     )<br>v.                              )<br>                     )<br>INTERNATIONAL BUSINESS )<br>MACHINES CORPORATION )<br>     Defendant )<br>_____) | C.A. No. 04 CR 10069DPW |

## STIPULATED CONFIDENTIALITY AND NONDISCLOSURE ORDER

This Stipulated Confidentiality and Nondisclosure Order (the "Order") is made by and between Dennis Rossiter ("Rossiter") and International Business Machines Corporation ("IBM") (collectively, the "Parties") to be entered as an order of the Court.

WHEREAS, the Parties have sought certain "Confidential Information" (as hereinafter defined) in the course of discovery;

WHEREAS, the Parties agree that their interests can be accommodated by complying with the terms and conditions set forth in this Order;

The Parties hereby stipulate and agree as follows:

1. The Parties may designate as "Confidential" any information or document ("Confidential Information") produced in response to discovery requests or by an order of the Court (including but not limited to deposition testimony and exhibits) which in good faith it deems confidential. A confidentiality designation may be effectuated by stamping documents "Confidential." The word "confidential" shall mean information that is not publicly available and which constitutes trade secrets, proprietary or competitively sensitive information, medical or therapy records of any party or potential witness or employee of the defendant corporation, employee personnel information, business or financial information, or information or documents that are deemed confidential by operation of law. Should any Confidential Information be used

or elicited during the taking of any deposition, counsel may designate any testimony as confidential by so stating on the record. By entering this agreement neither party agrees to or admits to the documents or information designated by the other party as "confidential" to actually be confidential, and no presumption of confidentiality shall be made by the Court as a result of the designation if the designation is challenged.

2. All information and documents produced in this Action which are designated as Confidential shall not be used for any purpose other than in the preparation, hearing, or appeal of this Action.

3. Confidential Information shall not be given, shown, made available or communicated in any way to any person or entity other, than:

    a. counsel to a party; including associated attorneys, paralegals, and other nonprofessional employees and assistants of counsel;

    b. the Parties, provided that they shall first agree in writing to abide by the terms of this Order;

    c. the Court;

    d. experts or consultants retained by a party or counsel thereof, only to the extent necessary for the consultant or expert to assist in this litigation, provided that any such expert shall first agree in writing to abide by the terms of this Order;

    e. any fact witness whom the Parties intend to call at trial, provided that the witness first agrees in writing to abide by the terms of this Order, and who agrees not to circulate or communicate the information within her/his respective companies or to third parties; and

    f. deponents, provided that the deponents shall first agree in writing to abide by the terms of this Order; provided, however, that if a deponent fails to agree in writing to abide by the terms of the Order, the deponent shall not be shown any documents designated as confidential hereunder absent prior authorization from the party who designated the information as confidential or prior authorization of the Court.

4. Counsel shall be responsible for limiting distribution of the Confidential Information only to those persons who both (1) have a need to know the information for purposes of this litigation and (2) are authorized to receive the information under this Protective Order.

5. There shall be no reproduction of Confidential Information except as necessary for preparation, trial, or any appeal of this Action. All copies, excerpts or summaries made of Confidential Information shall not be used or disclosed except as provided herein.

6. At the conclusion of this Action by settlement and/or final judgment, including any appeals and/or after judgment on rescript after any appeals, all documents and information (including depositions) and any reproduction thereof subject to this Order shall be returned to the party who or which produced (or designated) such Confidential Information, or maintained in a confidential manner in accordance with this Order and/or destroyed by the party to whom the Confidential Information was produced, at the option of the party to whom the Confidential Information was produced. Counsel is responsible under the provisions of this paragraph for the return of any Confidential Information given to any person identified in paragraph 3 and such returned information shall be treated as described in the first sentence of this paragraph 6. This Agreement shall continue in effect after the conclusion of this Civil Action, subject to further agreement of the Parties or order of the Court.

7. If counsel for one of the Parties concludes that any information or document designated as Confidential by the other party should not be subject to the terms of

this Order, or if counsel seeks to disclose Confidential Information to persons other than those listed in paragraph 3 above, said counsel shall contact counsel for the party who designated the information, documents or testimony as Confidential to attempt to resolve the dispute through informal negotiations. If counsel for the Parties are unable to reach agreement on the matter, counsel for the party seeking to challenge the confidential designation (or to disclose Confidential Information to persons not authorized in paragraph 3) may seek modification of the confidentiality designation or of this Order by filing a motion with the Court. Unless and until the Court rules to the contrary, all documents and materials produced in this Action and hereby designated as Confidential shall be treated as such pursuant to the terms hereof.

8. Nothing in this Order shall preclude any party from applying to the Court for further protection or any modification of this Order.

9. Nothing in this Order shall be deemed a waiver by any party of its or his rights to object to providing discovery on the grounds that the information sought contains confidential, proprietary or trade secret information. The decision to produce any such information under this Order shall be at the sole discretion of the producing party. In the event that a party is withholding any such information from production on the basis that it contains confidential, proprietary or trade secret information, and to the extent such document/information is otherwise discoverable and responsive to a discovery request and not otherwise protected from disclosure, the withholding party shall produce the document with the confidential, proprietary or trade secret information redacted or alternatively, shall

4

describe the document to the extent it is possible to do so without disclosing the confidential, proprietary or trade secret information and include a description of document on a privilege list or log.

10. The failure to insist upon full compliance with any of the terms of this Order in any one instance shall not be deemed to be a waiver of the right to insist upon full compliance with those terms thereafter.

11. Nothing in this Order may be construed to be a waiver of any right or privilege of any person or entity, including the work-product doctrine, the attorney-client privilege, or any basis for objection to discovery or any attempt to admit in evidence testimony or documents.

12. By executing this Order, counsel for the Parties certify that prior to the disclosure of any Confidential Information to any of the persons listed in paragraph 3(b) and 3(d-f), the proposed recipient of the information will be first provided a copy of this Order and required to execute a verification in the form attached hereto as Exhibit "A."

13. Any violation of the terms of this Order may subject the violator to sanctions as determined by the Court.

14. Nothing in this Order shall limit any party from using or disclosing its own documents or information which that party has designated as confidential hereunder as that party sees fit.

15. The Parties to this Order agree that it shall be in full force and effect and shall be binding upon them as of the date written below.

IT IS SO STIPULATED THIS ___15___ DAY OF DECEMBER, 2004.

| DENNIS ROSSITER | INTERNATIONAL BUSINESS MACHINES CORPORATION |
|---|---|
| By his attorney, | By its attorneys, |
| *[signature]* | *[signature]* |
| Kevin G. Powers, BBO#405020 | Daniel S. Tarlow, BBO #552920 |
| Rodgers, Powers & Schwartz LLP | Laurie F. Rubin, BBO #564947 |
| 18 Tremont Street | Prince, Lobel, Glovsky & Tye LLP |
| Boston, MA 02108 | 585 Commercial Street |
| (617) 742-7010 | Boston, MA 02109 |
| | (617) 456-8000 |

SO ORDERED:

*[signature]*

Dated: December 20, 2004

**Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS ROSSITER )<br>     Plaintiff )<br>)<br>v. )<br>)<br>INTERNATIONAL BUSINESS )<br>MACHINES CORPORATION )<br>     Defendant )<br>) | C.A. No. 04 CR 10069DPW |

**VERIFICATION**

1. My name is _____, and I live at

_____.

2. I acknowledge that I have received and read a copy of the Stipulated Confidentiality and Nondisclosure Order ("Order") which has been entered in this case.

3. I further acknowledge that any Confidential Information which I receive pursuant to the Order (and which was not already rightfully in my possession) will be used by me only in connection with the above-captioned litigation.

4. I further acknowledge that I will not disclose to or discuss such Confidential Information which I receive pursuant to the Order (and which was not already rightfully in my possession) with any person other than those persons who are authorized by the Order to have access to the Confidential Information.

5. I further understand that any disclosure or use of Confidential Information contrary to the provisions of the Order may subject me to sanctions for contempt.

_____

Dated:_____

Witness:

_____