RODGERS, POWERS & SCHWARTZ LLP

18 Tremont Street   ATTORNEYS AT LAW
Suite 500
Boston, MA  02108
Tel (617) 742-7010
Fax (617) 742-7225

Robert S. Mantell
E-mail • RMantell@TheEmploymentLawyers.com

September 23, 2005

Judge Douglas P. Woodlock
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA  02210

    Re:    Rossiter v. International Business Machines Corp.
             C.A. No. 04 CR 10069 DPW

    Plaintiff Dennis Rossiter hereby submits this short letter to bring two matters to this Court's attention. The first is the highly analogous and recently decided case of Currier v. United Technologies, 393 F.3d 246 (1st Cir. 2004). Like the instant case, Currier v. United Technologies involved an age discrimination claim arising from a reduction in force. It stands for the following principles:

1.    Statistical analysis of a lay-off may properly focus on those eligible for lay-off, as opposed to considering wider segments of the employer's workforce. See Currier, 393 F.3d at 250-252. In this case, IBM laid of 75% of the lay-off-eligible employees older than 50, but laid off only 26.3% of the eligible employees aged 20 through 50. SOF 1.45.

2.    IBM relies on the case of LeBlanc v. Great American Insurance Co., 6 F.3d 836, 848 (1st Cir. 1993), in discounting the importance of statistical evidence in cases such as this. Def.'s Mem., at 16. The First Circuit recently distinguished the LeBlanc case, and has reaffirmed that statistical evidence is admissible and may bolster other evidence of discrimination in RIF cases. Currier, 393 F.3d at 253.

3.    An inference of discrimination may result when the plaintiff demonstrates that one, but not all, of the defendant's articulated justifications for termination is pretextual. Currier, 393 F.3d at 254-255.

Harvey A. Schwartz, P.C.
Kevin G. Powers, P.C.
Elizabeth A. Rodgers
Jonathan J. Margolis
Robert S. Mantell
Linda Evans
Laurie A. Frankl
Sara Smolik

4.	An inference of discrimination may be generated where the evaluation conducted to determine lay-off relies on subjective criteria. <u>Currier</u>, 393 F.3d at 255.

5.	A prima facie case of age discrimination, as well as the employer's "unpersuasive" explanations of its low evaluation of the plaintiff, are sufficient to generate an inference of age discrimination. <u>Currier</u>, 393 F.3d at 255.

6.	Past failures to promote the plaintiff may help create an inference that the plaintiff's subsequent lay-off was the result of age discrimination. <u>Currier</u>, 393 F.3d at 255.

The second matter is the fact that the defendant has attached a document as an exhibit to its reply memorandum, which it refused to produce during discovery or in response to Rossiter's motion to compel, which is presently before this Court. <u>See Plaintiff's Mem. Mot. Compel</u>, at 5 (Req. 3), 8 (Req. 15); <u>Def.'s Reply Mem.</u>, at Exhibit 2 to Attachment 4 (performance evaluation of Karen J. Smith).

I hope this information is helpful to the Court.

Sincerely,

\s\ <u>Robert S. Mantell</u>
Robert S. Mantell

rossiter currier letter

2